UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Funderz Net, LLC,                                                          Case No. 3:18-cv-946

        Plaintiff

   v.                                                                             TEMPORARY RESTRAINING
                                                                               ORDER

Vision Collision Center, LLC, et al.,

        Defendants

This matter is before me on Plaintiff's motion for temporary restraining order and preliminary injunction. (Doc. No. 3). Plaintiff also filed a motion for prejudgment attachment. (Doc. No. 4). On April 27, 2018, I held an on-the-record telephonic conference, Stacey Kiprotich reporting, with counsel for the parties to address these motions.

In determining the propriety of a TRO or preliminary injunction, I must examine and weigh the following factors: (1) whether the moving party has shown a strong likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Overstreet v. Lexington–Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002); *McPherson v. Michigan High School Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (*en banc*). Here, Plaintiff attached to its motion for injunctive relief the parties' agreements, the individual defendants' executed guaranties, Defendant Vision Collision's pay history, and the declarations of Akash Seth and Joseph Isaacoff. (Doc. Nos. 3-1 & 3-2).

By agreement of the parties, and without Defendants otherwise conceding any operative facts, it is hereby ordered:

(1) I grant Plaintiff's motion for a TRO with the following terms:

   a. Defendants may not sell, assign, transfer, or liquidate Vision Collision Center, LLC or Vision Automotive, LLC;

   b. Defendants may not sell, assign, transfer, or liquidate any membership interest in Vision Collision Center, LLC or Vision Automotive, LLC;

   c. Defendants may not sell, assign, transfer, or liquidate any assets of Vision Collision Center, LLC or Vision Automotive, LLC outside the ordinary course of business;

   d. Defendants may not conduct any business on a "cash only" basis;

   e. Defendants may not take any action that adversely affects the use, acceptance, or authorization of checks;

   f. Defendants may not make any distributions to equity or give any raises or bonuses to Vision Collison Center, LLC's or Vision Automotive, LLC's employees, members, or officers;

   g. This order is subject to modifications as agreed upon by the parties; and

   h. This order will expire at the end of the day on May 9, 2018.

(2) Upon Plaintiff's request, its motion for prejudgment attachment is withdrawn without prejudice (Doc. No. 4);

(3) A pretrial conference and hearing on Plaintiff's request for a preliminary injunction is scheduled for May 9, 2018, at 10:00 a.m. in courtroom 204; and

(4) A telephonic status conference is scheduled for May 4, 2018, at 10:30 a.m. My chambers will initiate the call.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge